949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Valente G. GARCIA-GUERRA, Defendant-Appellant.
 No. 90-2239.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Neither party to this appeal has requested oral argument and, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was convicted by a jury of importation of marijuana, in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1), and of possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D). Defendant appeals his conviction, arguing that the evidence was insufficient to support the jury's verdict. We affirm.
 
 
 3
 When reviewing the sufficiency of the evidence, "we 'view the proof presented in the light most favorable to the government to ascertain if there is sufficient substantial proof, direct and circumstantial, together with reasonable inferences to be drawn therefrom, from which a jury might find a defendant guilty beyond a reasonable doubt.' " United States v. Zimmerman, 943 F.2d 1204, 1208-09 (10th Cir.1991) (quoting United States v. Sullivan, 919 F.2d 1403, 1431 (10th Cir.1990)). Further, "[i]n making our determination, we refrain from second-guessing the jury's assessment of witness credibility." United States v. Esparsen, 930 F.2d 1461, 1470 (10th Cir.1991), petitions for cert. filed, (U.S. July 12, 1991; July 15, 1991) (Nos. 91-5206; 91-5163).
 
 
 4
 Defendant was travelling from Mexico into the United States in a car which did not belong to him. He testified that a man whom he had met in a Mexican bar that day paid him $40 to drive the car across the border. He stopped at the border station just before midnight, and proceeded from the primary checkpoint into the secondary checkpoint, where Customs Inspector Steven Baker observed that Defendant was nervous when he was being questioned. R. Vol. II at 32. When questioned about his purpose for going to Mexico, Defendant told Baker he had travelled from Albuquerque to Palomas, Mexico to drink. Baker testified that, based on his experience at the border, it seemed very unusual that a person would travel such a long distance to Mexico just to drink. Id. at 33. Baker then proceeded to examine the vehicle. When he examined the gas tank, he detected a sound indicating that something other than gasoline might be in the tank. A further visual examination revealed other signs that something might be concealed in the tank, at which point Baker asked another customs inspector to look at the tank. While the second inspector was viewing the underside of the vehicle, Baker noticed that Defendant stopped watching the inspection and turned and looked toward Mexico, action from which the jury could have inferred Defendant was contemplating fleeing. Id. at 37. After the inspectors determined there was something about the underside of the vehicle which warranted further inspection, they patted Defendant down and put him in a holding cell for their own safety and to prevent any attempt to flee. Id. There was further testimony that Defendant did not resist being taken to the search room and did not question his destination or the process in any manner, possibly because he knew something illegal was found in the vehicle. Id. at 40. Baker also testified that, despite Defendant's testimony that he had been drinking continuously since 11:30 a.m. the day he was stopped at the border station, id. at 139, Baker did not smell alcohol on Defendant's breath, nor did he see any indication that Defendant was unable to drive. Id. at 162-63.
 
 
 5
 After Defendant was placed in the holding cell, the inspectors removed the gas tank, examined it and found a large quantity of marijuana in the compartment. Winn Capping, a special agent for the United States Customs Service, testified that a small piece of paper was found in Defendant's wallet upon which a small rectangle with dimensions and the word "TAPPAN" were written. Id. at 72. Capping suspected that the drawing and writing on the piece of paper might be connected to the compartment in the gas tank where the marijuana was found. Id. at 73. The actual dimensions of the gas tank varied due to dents, but Capping found that when the tank was measured from the center, the dimensions of the gas tank came within 3/4 of an inch of the dimensions noted on the drawing of the rectangle on the paper found in Defendant's wallet. Id. at 74. In addition, testimony was presented to the jury that there is a Spanish word very similar in spelling to the word written on the piece of paper with the drawing and dimensions which means "to stop" or "to plug." Id. at 75, 90.
 
 
 6
 After reviewing the evidence presented, particularly the proof concerning Defendant's long journey for the purpose of having a drink, the absence of the smell of alcohol after such recent and extended drinking, and the presence of the piece of paper in Defendant's wallet with the drawing and dimensions which were substantially similar to the space in which the marijuana was found, we conclude that there was sufficient evidence before the jury from which it could have found Defendant guilty beyond a reasonable doubt. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3